# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISON

| | |
|---|---|
| JYQWAVOUS WHITAKER, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) CIVIL ACTION NO. |
| SHERIFF VICTOR HILL, in his individual And official capacities, as Sheriff of Clayton County Georgia and RAYMON SHEROD WINN, in his individual capacity, as a Clayton County Deputy Sherriff | )<br>)<br>)  _____<br>)<br>)<br>) |
| Defendants. | )<br>) |

## PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

**COMES NOW** Plaintiff, JYQWAVOUS WHITAKER, (hereinafter referred to as Plaintiff), by and through his counsel of record and files this his Complaint for Damages and Demand for Jury Trial against Defendants VICTORY HILL, in his individual and official capacity as Sheriff of Clayton County, Georgia, and RAYMON SHEROD WINN, in his individual capacity as a Deputy Sherriff of Clayton County (hereinafter referred to collectively as Defendants).

### INTRODUCTION

1.

Plaintiff asserts the following claims against Defendant VICTOR HILL, in

1

the above-captioned action:

a. As the chief law enforcement officer for Clayton County, Sheriff VICTOR HILL, has promulgated and maintains, practices, procedures and law enforcement policies designed and implemented to deprive pre-trial detainees housed in the Clayton County jail of their federally protected rights to be free from the use of sadistic and excessive uses of force and unlawful punishment and restraint.  and implements

b. Defendant Hill has failed to properly train and supervise his subordinate employees and had engaged in the negligent hiring and retention of Deputy Sheriffs officers who are prone to violent and unconstitutional uses of excessive force.

2.

Plaintiff hereby asserts the following claims against Defendant RAYMON SHEROD WINN, in the above-captioned action:

a. Violation of 42 U.S.C. §1983 – Use of Excessive Force under the Fourteenth Amendment to United States Constitution; and

b. Common law Assault and Battery under the laws of the State of Georgia.

## JURISDICTION AND VENUE

3.

This action is brought pursuant to 42 U.S.C. §§1983 and 1988, as well as the Fourteenth Amendment of the United States Constitution. Jurisdiction is founded upon 28 U.S.C. §§1331 and 1343, as well as the aforementioned constitutional and statutory provisions. This court has supplemental jurisdiction over State law claims pursuant to 28 U.S.C. §1367.

4.

Venue is proper in this Court pursuant to 28 U.S.C. §1391 and other applicable law because the cause of action arose in Clayton County, Georgia, which is situated within the district and divisional boundaries of the Atlanta Division of the Northern District of Georgia, and on the further grounds that Plaintiff and Defendant, upon information and belief, are domiciled within said district and division.

5.

All the parties herein are subject to the jurisdiction and venue of this Court.

## THE PARTIES

6.

Plaintiff JYQWAVOUS WHITAKER is a citizen of the United States and the State of Georgia.

7.

Defendant Sheriff VICTOR HILL, (hereinafter referred to as Defendant Hill) was, at all times relevant herein, the Clayton County Sherriff and chief law enforcement officer in Clayton County acting within the scope of said employment.  He is being sued in his individual capacity and official capacity.  At all times relevant herein, the Sheriff Hill acted under color of state law.

8.

At all times herein mentioned, Defendant RAYMON SHEROD WINN (hereinafter referred to as Defendant Winn) was the agent and/or employee of Defendant Clayton County Sheriff Victor Hill, and in doing or failing to do the things hereinafter alleged, Defendant Winn was acting with malice under his discretionary authority as a Clayton County Deputy Sheriff.

**FACTUAL ALLEGATIONS**

9.

On September 12, 2019, Plaintiff was a pre-trial detainee in the Clayton County jail.

10.

At approximately 10:30AM on that date Plaintiff was brutally and savagely assaulted by Defendant Winn without reason or provocation.

4

11.

At the time of the assault Plaintiff was approached by Defendant Winn given commands to stand against the wall, to which he complied, then choked, knocked to the floor, and pummeled to this face and head by Defendant Winn before and after being handcuffed and while defenseless on the floor. (See Exhibit "1").

12.

At no time prior to the assault by Defendant Winn did Plaintiff defy or disobey any command given to him by Defendant Winn and at no time did he pose a threat to the safety of Deputy Winn or other officers.

13.

As a result of the assault Plaintiff lost consciousness and sustained serious bruises, contusions and other injuries including having to have the braces on his teeth cut out of his lips from which they were imbedded due to the blows to his face. (See Exhibit "2").

14.

The physical difference between Defendant Winn and Plaintiff Whitaker is stark in that Defendant Winn is 6' 5", with a muscle-bound physique, and weighing over 250 pounds; whereas Plaintiff Whitaker is 6'2", thinly built and weighing only 165 pounds.

15.

Defendant Winn has a violent criminal history prior to and post-employment with the Clayton County Sheriff's Office.

16.

In 2012 he was arrested and booked on charges of battery with Visible Harm by the City of Atlanta Police. (See Exhibit "4").

17.

In 2021 he was arrested and booked in Clayton County on charges of Cruelty to Children and Simple Battery. (See Exhibit "5").

18.

Defendant Hill knew our should have known of Defendant Winn's violent propensities prior to his employment with the Clayton County Sheriff's Office.

19.

Defendant Hill knowingly and callously disregarded the violent propensities of Defendant Winn in his decision to hire and retain Defendant Winn as a Clayton County Deputy Sheriff.

20.

Jail medical records indicate that Plaintiff suffered the following injuries from the beating administered to him by Defendant Winn: (See Exhibit "3")

a) Facial trauma;

b) A hematoma above the left eye;

c) Abrasion to the right forehead;

d) Inner let lip stuck to braces;

21.

After the assault by Defendant Winn, Plaintiff was administratively sentenced to a minimum of four hours in the Restraint Chair, Administrative Segregation and three days of nutri-loaf, the latter being personally ordered by Defendant Hill. (See Exhibit "1").

22.

Defendant Hill has a long and well documented inglorious history of malfeasance and misfeasance in office, not the least of which is his currently pending criminal indictment for violations of the civil and constitutional rights of pre-trial detainees housed in the Clayton County jail. (See Exhibit "6").

23.

The use of the Restraint Chair in the method and manner it is used in the Clayton County jail under the official direction of Defendant Hill as the chief law enforcement officer in Clayton County, violated Plaintiff Whitaker's rights under the Due Process Clause of the Fourteenth Amendment.

## CAUSES OF ACTION

### COUNT ONE

## CLAIM PURSUANT TO 42 USC 1983
### Fourteenth Amendment Violation
### Unreasonable and Excessive Use of Force
### Defendant RAYMON SHEROD WINN

24.

Plaintiff incorporates by reference the previous paragraphs of this Complaint in the Factual Background section, specifically paragraphs 9 - 23, as if fully restated herein.

25.

The Fourteenth Amendment's provides freedom from deprivations of liberty without due process of law, which includes the right to be free the unreasonable uses of force by law enforcement officers, amounting to pre-adjudication non-judicial punishment.

26.

At all times herein mentioned, Defendant Winn had a duty to observe, recognize, and uphold Plaintiff's civil rights which are protected by the Constitution of the United States.

27.

The conduct of Defendant Winn in assaulting and battering the Plaintiff during his confinement in the Clayton County jail, while he was compliant with his commands and after he was handcuffed, violated his Fourteenth Amendment rights.

28.

The law was clearly established in September of 2019 that a vicious assault on an unresisting and handcuffed pre-trail detainee amounts to the use of excessive force under the Fourteenth Amendment.

29.

The actions of Defendant Winn in assaulting and battering the Plaintiff while he was compliant with his commands and after he was handcuffed and defenseless was objectively unreasonable under the circumstances.

30.

The actions of Defendant Winn in assaulting and battering the Plaintiff caused him extensive physical pain and injury to the extent that he required medical and dental attention to his face, mouth, and head.

31.

The Defendants Winn is liable to the Plaintiff for general, compensatory, and special damages as may be proven at trial.

## COUNT TWO

**CLAIM PURSUANT TO 42 USC 1983**
**Fourteenth Amendment – Failure to Supervise and Train**
**Sheriff VICTOR HILL, in his Individual and Official Capacity**

32.

Plaintiff incorporates by reference the previous paragraphs of this Complaint

in the Factual Background section, specifically paragraphs 9 - 23, as if fully re-stated herein.

33.

Both municipalities and supervising officers, may be held liable under 42 USC §1983 for a failure to train subordinate officers.

34.

A municipality may be held liable for the failure to train its employees when the failure to train amounts to deliberate indifference to the rights of persons with whom law enforcement officers come into contact with.

35.

At all times relevant to this action, Defendant Hill was deliberately indifferent to the rights of pre-trial detainees housed in the Clayton County jail by allowing customs and practices he established within the Clayton County Sherriff's Office to create a systemic culture permissive of the deprivation of constitutionally protected rights whereby officers were allowed to commit acts of excessive force against pre-trial detainees housed in the Clayton County jail with impunity.

36.

The unconstitutional customs and practices complained of take the form of both lethal and non-lethal uses of force by Clayton County Sheriff's officers.

37.

The unconstitutional systemic customs and practices complained of include, but are not limited to: (a) the failure to adequately and completely investigate instances of the unlawful use of force; (b) tolerating deputy Sheriff's officers filing false and fictitious incident reports in cases involving the use of force; (c) lowering hiring standards and background investigations to the extent that persons prone to violence against pre-trial detainees are allowed to be employed in the Sheriff's office; and (d) the unconstitutional use of the Restraint Chair; administrative segregation and dietary restrictions as a method of punishment beyond any legitimate institutional disciplinary control measures.

38.

Defendant Hill knew of a need to train and/or supervise his officers but made a deliberate choice not to take any action to train, re-train, or more closely supervise, and discipline its his Sheriff's officers.

39.

The hiring, retention and supervision of Defendant Winn was the result of policies, practices, customs, and procedures intentionally and deliberately adopted, which allowed known rogue officers to continue in their positions as Deputy Sherriff's officers despite numerous incidents of their commission of unchecked uses of excessive force.

40.

Defendant Hill, as the chief law enforcement officer for Clayton County is the final decision maker for policies, practices, customs, and procedures that were the foundation for the systemic excessive uses of force on pre-trail detainees in the Clayton County jail. His policies, practices, customs, and procedures were intentional, deliberate, and indifferent to the rights of the Plaintiff and other Clayton County pre-trial detainees.

41.

As a direct and proximate cause of the Defendant Hill's unlawful actions, Plaintiff has incurred and will continue to incur economic damages including lost wages, loss of economic opportunity, attorney's fees and costs, as well as other economic damages in an exact amount to be proven at trial.

## COUNT THREE

### ATTORNEYS' FEES & COSTS and EXPENSES OF LITIGATION (All Defendants)

42.

Plaintiff incorporates by reference the previous paragraphs of this Complaint in the Factual Background section, specifically paragraphs 9 - 23, as if fully re-stated herein.

43.

It was necessary for Plaintiff to retain the undersigned attorneys to file this action. Upon judgment, wherein the Plaintiff becomes the prevailing party, Plaintiff will be entitled to an award of attorneys' fees and the costs and expenses of litigation pursuant to 42 U.S.C. §1988(b) and FRCP 54.

### COUNT FOUR

### VIOLATION OF STATE TORT LAW
### ASSAULT and BATTERY
### Defendant RAYMON SHEROD WINN

44.

Plaintiff incorporates by reference the previous paragraphs of this Complaint in the Factual Background section, specifically paragraphs 9 - 23, as if fully re-stated herein.

45.

The acts and omissions of Defendant Winn alleged herein were committed in the course and scope of his employment with the Clayton County Sheriff's Office and in the performance of his official functions.

46.

The defense of official immunity has been waived to the extent that he acted out of malice and with the deliberate intent to cause injury.

47.

The acts and conduct of Defendant Winn as alleged herein constitute common law assault and battery, under the laws of the State of Georgia.

48.

As a direct and proximate result of the Defendants' acts and omissions, the Plaintiff sustained serious and permanent injuries.

49.

This Court has pendent and supplemental jurisdiction to hear and adjudicate these claims.

**DAMAGES**

50.

As a direct and proximate result of the conduct and actions of Defendants and each of them, Plaintiff suffered the following injuries and damages:

a.  Physical pain and mental anguish in the past and future;

b.  Physical impairment in the past and future;

c.  Lost earnings;

d.  Damages to earning capacity; and

e.  Pain and suffering.

**WHEREFORE** Plaintiff JYQWAVOUS WHITAKER prays for judgment against Defendants VICTOR HILL, in his individual and official capacity as

Sheriff of Clayton County; and Defendant RAYMON SHERROD WINN in his individual capacity, as a Clayton County Deputy Sheriff and each of them, as follows:

a. For special damages, according to proof at time of trial;

b. For lost wages and diminished earning capacity according to proof at trial;

c. For general and compensatory damages, according to proof at trial;

d. For prejudgment and post judgment interest;

e. For punitive and exemplary damages as determined by the enlightened conscious of the jury;

f. For costs of suit incurred herein, including attorneys' fees; and

g. For such other relief that the Court may deem just and appropriate.

This September 13, 2021

Respectfully submitted,
**WAYNE B. KENDALL, P.C.**

s/ Wayne B. Kendall
Georgia Bar No.: 414076
Kimberly Ellison, Esq.
Georgia Bar No.: 141716
155 Bradford Square, Suite B
Fayetteville, GA 30215
Telephone: (770) 778-8810
Email: wbkendall2@yahoo.com

Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff JYQWAVOUS WHITAKER hereby demands a trial by jury on all issues triable to a jury.

This September 13, 2021.

        Respectfully submitted,
        **WAYNE B. KENDALL, P.C.**

        s/ Wayne B. Kendall
        Georgia Bar No.: 414076
        Kimberly Ellison, Esq.
        Georgia Bar No.:141716
        155 Bradford Square, Suite B
        Fayetteville, GA 30215
        Telephone: (770) 778-8810
        Email: wbkendall2@yahoo.com

        Attorneys for Plaintiff

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing **Complaint for Damages** has been prepared in Times New Roman 14, a font and type selection approved by the Court in L.R. 5.1(B).

This September 13, 2021.

>Respectfully submitted,
>WAYNE B. KENDALL, P.C.
>
>s/Wayne B. Kendall
>Georgia Bar No.: 414076
>Wayne B. Kendall, P.C.
>155 Bradford Square. Suite B
>Fayetteville, GA  30215
>Telephone: (770) 778-8810
>Email: wbkendall2@yahoo.com
>
>Attorneys for Plaintiff