IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JYQWAVOUS WHITAKER,

     Plaintiff,

v.

SHERIFF VICTOR HILL, in his
individual and official capacities, as
Sheriff of Clayton County Georgia and
RAYMON SHEROD WINN, in his
individual capacity, as a Clayton County
Deputy Sheriff.

     Defendants.

CIVIL ACTION FILE
NO. 1:21-CV-03781-AT-JSA

## DEFENDANT RAYMON SHEROD WINN'S AMENDED ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

COMES NOW defendant Raymon Sherod Winn ("defendant"), by and through the undersigned counsel, and hereby files his amended answer and defenses to plaintiff's complaint for damages and demand for jury trial (Doc. 1) (the "complaint"), showing the Court as follows:

### FIRST DEFENSE

Plaintiff's complaint fails to state a claim against defendant upon which relief can be granted.

## SECOND DEFENSE

Responding to the numbered paragraphs of plaintiff's complaint, defendant answers as follows:

## ANSWER TO INTRODUCTION

1

Responding to the allegations contained in paragraph 1 of plaintiff's complaint, defendant denies in the form and manner alleged the allegations contained in this paragraph, denies any and all liability for the claims asserted, and denies that plaintiff is entitled to any of the relief requested from defendant in form, type, or amount, under any theory at law or in equity.

2.

Responding to the allegations contained in paragraph 2 of plaintiff's complaint, defendant denies in the form and manner alleged the allegations contained in this paragraph, denies any and all liability for the claims asserted, and denies that plaintiff is entitled to any of the relief requested from defendant in form, type, or amount, under any theory at law or in equity.

## ANSWER TO JURISDICTION AND VENUE

3.

The allegations contained in paragraph 3 of plaintiff's complaint constitute a legal conclusion to which no response is required.  To the extent that a response is required, defendant denies any and all liability for the claims asserted, including

any claims brough under 42 U.S.C. §§ 1983 and 1988 and the Fourteenth Amendment of the United States Constitution, and denies that plaintiff is entitled to any of the relief requested from defendant in form, type, or amount, under any theory at law or in equity.  Further responding, defendant states that this Court generally has subject matter jurisdiction over federal question claims pursuant to 28 U.S.C. §§ 1331 and 1343 and that 28 U.S.C. § 1367 speaks for itself.

## 4.

The allegations contained in paragraph 4 of plaintiff's complaint constitute a legal conclusion to which no response is required.  To the extent that a response is required, defendant states that venue is proper.

## 5.

The allegations contained in paragraph 5 of plaintiff's complaint constitute a legal conclusion to which no response is required.  To the extent that a response is required, defendant states that this Court has personal jurisdiction over defendant and that venue is proper.

## ANSWER TO THE PARTIES

## 6.

Defendant can neither admit nor deny the allegations contained in paragraph 6 of plaintiff's complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiff upon strict proof of the same.

7.

Responding to the allegations contained in paragraph 7 of plaintiff's complaint, defendant admits that at all times relevant Victor Hill was the Sheriff of Clayton County and admits that plaintiff has sued Victor Hill in his individual and official capacities. Defendant further admits upon information and belief that Victor Hill was acting under color of state law and within the scope of his discretionary authority and employment at all times relevant.

8.

Responding to the allegations contained in paragraph 8 of plaintiff's complaint, defendant admits that at all times relevant he was acting under color of state law and within the scope of his discretionary authority and employment with the Sheriff of Clayton County. Defendant denies the remaining allegations contained in paragraph 8 of plaintiff's complaint and specifically denies that he acted with malice.

9.

Defendant admits the allegations contained in paragraph 9 of plaintiff's complaint.

10.

Defendant denies the allegations contained in paragraph 10 of plaintiff's complaint.

11.

Defendant denies the allegations contained in paragraph 11 of plaintiff's complaint.

12.

Defendant denies the allegations contained in paragraph 12 of plaintiff's complaint.

13.

Defendant denies the allegations contained in paragraph 13 of plaintiff's complaint.

14.

Defendant denies as stated the allegations contained in paragraph 14 of plaintiff's complaint.

15.

Defendant denies as stated the allegations contained in paragraph 15 of plaintiff's complaint.

16.

Responding to the allegations contained in paragraph 16 of plaintiff's complaint, defendant states that Exhibit "4" speaks for itself.  Defendant denies in the form and manner alleged the remaining allegations contained in paragraph 16 of plaintiff's complaint.

17.

Responding to the allegations contained in paragraph 17 of plaintiff's complaint, defendant states that Exhibit "5" speaks for itself. Defendant denies in the form and manner alleged the remaining allegations contained in paragraph 17 of plaintiff's complaint.

18.

Defendant denies as stated the allegations contained in paragraph 18 of plaintiff's complaint and specifically denies that he has "violent propensities."

19.

Defendant denies as stated the allegations contained in paragraph 19 of plaintiff's complaint and specifically denies that he has "violent propensities."

20.

Responding to the allegations contained in paragraph 20 of plaintiff's complaint, defendant states that Exhibit "3" speaks for itself. Defendant denies in the form and manner alleged the remaining allegations contained in paragraph 20 of plaintiff's complaint.

21.

Responding to the allegations contained in paragraph 21 of plaintiff's complaint, defendant states that Exhibit "1" speaks for itself. Defendant denies in the form and manner alleged the remaining allegations contained in paragraph 21 of plaintiff's complaint and specifically denies that he assaulted plaintiff.

22.

Responding to the allegations contained in paragraph 22 of plaintiff's complaint, defendant states that Exhibit "6" speaks for itself.  Defendant denies in the form and manner alleged the remaining allegations contained in paragraph 22 of plaintiff's complaint.

23.

Defendant denies the allegations contained in paragraph 23 of plaintiff's complaint.

**CAUSES OF ACTION**
**COUNT ONE**
**CLAIM PURSUANT TO 42 USC 1983**
**Fourteenth Amendment Violation**
**Unreasonable and Excessive Use of Force**
**Defendant RAMON SHEROD WINN**

24.

Responding to the allegations contained in paragraph 24 of plaintiff's complaint, defendant hereby incorporates by reference as if fully set forth verbatim herein his responses previously made to paragraphs 9 through 23 above.

25.

Responding to the allegations contained in paragraph 25 of plaintiff's complaint, defendant states that the Fourteenth Amendment speaks for itself. Defendant denies in the form and manner alleged the remaining allegations contained in paragraph 25 of plaintiff's complaint.

26.

The allegations contained in paragraph 26 of plaintiff's complaint constitute a legal conclusion to which no response is required.  To the extent that a response is required, defendant denies in the form and manner alleged the allegations contained in paragraph 26 of plaintiff's complaint and specifically denies that he violated any of plaintiff's civil or constitutional rights.

27.

Defendant denies the allegations contained in paragraph 27 of plaintiff's complaint.

28.

The allegations contained in paragraph 28 of plaintiff's complaint constitute a legal conclusion to which no response is required.  To the extent that a response is required, defendant states that the "law" speaks for itself.  Further responding, defendant denies in the form and manner alleged the remaining allegations contained in paragraph 28 of plaintiff's complaint and specifically denies that he assaulted plaintiff or violated any of his constitutional rights.

29.

Defendant denies the allegations contained in paragraph 29 of plaintiff's complaint.

30.

Defendant denies the allegations contained in paragraph 30 of plaintiff's complaint.

31.

Defendant denies the allegations contained in paragraph 31 of plaintiff's complaint and specifically denies that plaintiff is entitled to any of the relief requested from him in form, type, or amount, under any theory at law or in equity.

**COUNT TWO**
**CLAIM PURSUANT TO 42 USC 1983**
**Fourteenth Amendment – Failure to Supervise and Train**
**Sheriff VICTOR HILL, in his Individual and Official Capacity**

32.

Responding to the allegations contained in paragraph 32 of plaintiff's complaint, defendant hereby incorporates by reference as if fully set forth verbatim herein his responses previously made to paragraphs 9 through 23 above.

33.

Responding to the allegations contained in paragraph 33 of plaintiff's complaint, defendant states that 42 U.S.C. § 1983 speaks for itself. Defendant denies in the form and manner alleged the remaining allegations contained in paragraph 33 of plaintiff's complaint.

34.

The allegations contained in paragraph 34 of plaintiff's complaint constitute a legal conclusion to which no response is required.  To the extent that a response is required, defendant denies in the form and manner alleged the allegations contained in paragraph 34 of plaintiff's complaint.

35.

Defendant denies the allegations contained in paragraph 35 of plaintiff's complaint.

36.

Defendant denies the allegations contained in paragraph 36 of plaintiff's complaint.

37.

Defendant denies the allegations contained in paragraph 37 of plaintiff's complaint.

38.

Defendant can neither admit nor deny the allegations contained in paragraph 38 of plaintiff's complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiff upon strict proof of the same.

39.

Defendant denies the allegations contained in paragraph 39 of plaintiff's complaint.

40.

Defendant denies as stated the allegations contained in paragraph 40 of plaintiff's complaint.

41.

Defendant denies the allegations contained in paragraph 41 of plaintiff's complaint.

**COUNT THREE**
**ATTORNEYS' FEES & COSTS**
**and EXPENSES OF LITIGATION**
**(All Defendants)**

42.

Responding to the allegations contained in paragraph 42 of plaintiff's complaint, defendant hereby incorporates by reference as if fully set forth verbatim herein his responses previously made to paragraphs 9 through 23 above.

43.

The allegations contained in paragraph 43 of plaintiff's complaint constitute a legal conclusion to which no response is required.  To the extent that a response is required, defendant states that 42 U.S.C. § 1988(b) and FRCP 54 speak for themselves.  Defendant denies the remaining allegations in paragraph 43 of plaintiff's complaint.

**COUNT FOUR**
**VIOLATION OF STATE TORT LAW**
**ASSAULT and BATTERY**
**Defendant RAYMON SHEROD WINN**

44.

Responding to the allegations contained in paragraph 44 of plaintiff's complaint, defendant hereby incorporates by reference as if fully set forth verbatim herein his responses previously made to paragraphs 9 through 23 above.

45.

Responding to the allegations contained in paragraph 45 of plaintiff's complaint, defendant states that he was at all times acting within the course and scopes of his employment with the Sheriff of Clayton County and was operating in the performance of his official and discretionary functions.  Defendant denies as stated the remaining allegations contained in paragraph 45 of plaintiff's complaint.

46.

Defendant denies the allegations contained in paragraph 46 of plaintiff's complaint.

47.

Defendant denies the allegations contained in paragraph 47 of plaintiff's complaint.

48.

Defendant denies the allegations contained in paragraph 48 of plaintiff's complaint.

49.

The allegations contained in paragraph 49 of plaintiff's complaint constitute a legal conclusion to which no response is required.  To the extent that a response is required, defendant states that this Court generally has supplemental jurisdiction over state law claims pursuant 28 U.S.C. § 1367.

**DAMAGES**

50.

Defendant denies the allegations contained in paragraph 50 of plaintiff's complaint and specifically denies that plaintiff is entitled to any of the relief requested from him in form, type, or amount, under any theory at law or in equity.

**ANSWER TO PRAYER FOR RELIEF**

51.

Responding to the allegations contained in the unnumbered paragraph of plaintiff's complaint beginning "WHEREFORE," defendant denies all such allegations, including all subparagraphs thereof, and specifically denies that plaintiff is entitled to any of the relief requested from him in form, type, or amount, under any theory at law or in equity.

52.

Except as expressly admitted, denied, or otherwise responded to, defendant denies all allegations contained in plaintiff's complaint.

### THIRD DEFENSE

Plaintiff's claims and his complaint are barred by the applicable statute of limitations.

### FOURTH DEFENSE

Plaintiff's claims are barred by the Prison Litigation Reform Act based on plaintiff's failure to exhaust the administrative remedies at the Clayton County Jail.

### FIFTH DEFENSE

To the extent as may be shown by the evidence through discovery, plaintiff's damages, if any, resulted solely from the voluntary and intentional conduct of plaintiff and not from any conduct of defendant.

### SIXTH DEFENSE

To the extent as may be shown by the evidence through discovery, plaintiff's damages, if any, were caused by the deliberate, criminal conduct of plaintiff, and such criminal conduct supersedes any and all liability, if any, on the part of defendant.

## SEVENTH DEFENSE

No act or omission of defendant either proximately caused or contributed to any damages allegedly suffered by plaintiff; therefore, plaintiff has no right of recovery against defendant.

## EIGHTH DEFENSE

To the extent as may be shown by the evidence through discovery, plaintiff's damages, if any, were directly and proximately caused by the contributory and comparative negligence of plaintiff.

## NINTH DEFENSE

To the extent as may be shown by the evidence through discovery, defendant asserts the affirmative defenses of accord and satisfaction, arbitration and award, assumption of risk, duress, estoppel, failure of consideration, failure to mitigate damages, fraud, illegality, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, and waiver.

## TENTH DEFENSE

Defendant is entitled to official immunity and qualified immunity to the fullest extent allowed by law.

## ELEVENTH DEFENSE

Defendant shows that he did not violate the rights of plaintiff under any provisions of or amendments to the United States Constitution, Georgia Constitution, or any other laws.

## TWELFTH DEFENSE

To the extent plaintiff has named defendant in this action in his official capacity, defendant asserts that he is entitled to the Eleventh Amendment immunity and sovereign immunity to the fullest extent allowed by law.

## THIRTEENTH DEFENSE

To the extent plaintiff has named defendant in this action in his official capacity, defendant asserts that plaintiff's claims are barred by plaintiff's failure to provide ante litem notice.

## FOURTEENTH DEFENSE

Defendant reserves the right to plead and prove such other defenses as may become known to him during the course of his investigation and discovery.

WHEREFORE, having fully listed his defenses and having fully answered the complaint, defendant prays as follows:

(a)     That judgment be entered in favor of defendant and against plaintiff on the complaint;

(b)     That the costs of this action, including attorney fees, be cast against plaintiff; and

(c)     That the Court grant such other and further relief as it may deem just

and proper.

**DEFENDANT DEMANDS TRIAL BY JURY
ON ALL ISSUES SO TRIABLE.**

**FREEMAN MATHIS & GARY, LLP**

*/s/ A. Ali Sabzevari*
Jack R. Hancock
Georgia Bar No. 322450
jhancock@fmglaw.com
A. Ali Sabzevari
Georgia Bar No. 941527
asabzevari@fmglaw.com

Attorneys for Defendant

661 Forest Parkway, Suite E
Forest Park, Georgia 30297
(404) 366-1000 (telephone)

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing **DEFENDANT RAYMON SHEROD WINN'S AMENDED ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to counsel of record who are CM/ECF participants:

Wayne B. Kendall
Kimberly Ellison
Wayne B. Kendall, P.C.
155 Bradford Square, Suite B
Fayetteville, GA 30215

This 2nd day of December, 2021.

/s/ A. Ali Sabzevari
A. Ali Sabzevari
Georgia Bar No. 941527

FREEMAN MATHIS & GARY, LLP
661 Forest Parkway
Suite E
Forest Park, Georgia  30297-2257
(404) 366-1000 (telephone)
(404) 361-3223 (facsimile)