IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JYQWAVOUS WHITAKER,<br><br>        Plaintiff,<br>v.<br><br>SHERIFF VICTOR HILL, in his individual and official capacities, as Sheriff of Clayton County Georgia and RAYMON SHEROD WINN, in his individual capacity, as a Clayton County Officer Sheriff.<br><br>        Defendants. | CIVIL ACTION FILE<br>NO. 1:21-CV-03781-AT-JSA |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant Raymon Sherod Winn ("defendant" or "Officer Winn") files this memorandum of law in support of his motion to dismiss plaintiff's complaint (Doc. 1).

### I.    INTRODUCTION

This is a Section 1983 civil rights lawsuit filed by plaintiff Jyqwavous Whitaker ("plaintiff"). Plaintiff alleges that on September 12, 2019, while he was a pretrial detainee at the Clayton County Jail ("CCJ"), he was assaulted by Officer Winn after plaintiff allegedly complied with his commands to stand against the wall. (Doc. 1, ¶¶ 9-12.) Plaintiff alleges that he was also placed in a "Restraint

Chair" for four hours, placed in administrative segregation, and received three days of "nutri-loaf." (Id., ¶ 21.) Based on the foregoing, plaintiff now brings this action against Officer Winn as well as Sheriff Victor Hill. Plaintiff alleges claims of excessive force and failure to supervise/train under the Fourteenth Amendment and state law claims of assault and battery. (Doc. 1.) Plaintiff also seeks compensatory and punitive damages as well as attorney's fees. (Id.)

Defendant now moves to dismiss all of plaintiff's claims and the complaint in its entirety because plaintiff failed to exhaust his administrative remedies at the CCJ prior to filing suit as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"). As shown below, defendant's motion should be granted and plaintiff's complaint dismissed in its entirety.

## II.     ARGUMENT AND CITATION OF AUTHORITY

A.     **Plaintiff's Complaint Is Subject To Dismissal Under the PLRA Due To His Failure To Exhaust Administrative Remedies**

   1.     **Standard Under The PLRA**

"Deciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process." Turner v. Burnside, 541 F.3d 1077, 1082 (11th Cir. 2008).

> First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed.

Id. PLRA exhaustion defenses are generally analyzed using the subject matter jurisdiction standard of Rule 12(b)(1). See Bryant v. Rich, 530 F.3d 1368, 1374–76 (11th Cir. 2008); Turner, 541 F.3d at 1082 ("This means that procedurally the defense is treated 'like a defense of lack of jurisdiction,' although it is not a jurisdictional matter.").

> If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion.

Turner, 541 F.3d at 1082. "Once the court makes findings on the disputed issues of fact, it then decides whether under those findings the prisoner has exhausted his available administrative remedies." Id. at 1083.

### 2. Exhaustion of Administrative Remedies Under the PLRA

The PLRA provides in pertinent part:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The plain language of the statute demonstrates that it applies to detainees and inmates confined in a jail. Baker v. Duval Cty. Jail, No. 17-12453-H, 2018 U.S. App. LEXIS 28147, at *1 n.1 (11th Cir. Oct. 4, 2018) (finding that although plaintiff is a pretrial detainee, the PLRA applies to him);

Morrill v. Holmes Cty. Jail, No. 5:15-cv-324-WTH-GRJ, 2018 U.S. Dist. LEXIS 219853, at *20 (N.D. Fla. Jan. 30, 2018) ("The PLRA requires a detainee or prisoner to exhaust all available administrative remedies before filing an action challenging prison or jail conditions."). Furthermore, the exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Wright v. Langford, 562 F. App'x 769, 775 (11th Cir. 2014). A court does not have the discretion to waive the exhaustion requirement. Alexander v. Hawk, 159 F.3d 1321, 1325-26 (11th Cir. 1998).

The PLRA also requires exhaustion to be "proper." Woodford v. Ngo, 548 U.S. 81 (2006). In order to "properly" exhaust his claims, a detainee must "us[e] all steps" in the administrative process, and he must comply with "deadlines and other critical procedural rules." Woodford, 548 U.S. at 89 (internal quotations omitted). As the language of the PLRA makes clear, if an administrative remedy is "available," it must be exhausted. 42 U.S.C. § 1997e(a); Alexander, 159 F.3d at 1326. Further, in order to exhaust all available administrative remedies, an inmate must pursue all of his administrative appeals if his grievance is denied. Moore v. Smith, 18 F. Supp. 2d 1360, 1362 (N.D. Ga. 1998). If a detainee fails to complete the administrative process or falls short of compliance with the procedural rules

governing prisoner grievances, he defaults his claims. Johnson v. Meadows, 418 F.3d 1152, 1159 (11th Cir. 2005).

### 3. Plaintiff Failed To Exhaust His Administrative Remedies Prior To Filing Suit

The CCJ has formal procedures in place for persons confined at the CCJ to file grievances when they feel it is necessary to do so. (See Declaration of Kali Huitt attached hereto as Exhibit A, ¶ 3, Exhibit 1 attached thereto.) The Clayton County Sheriff's Office Standard Grievance Procedure (the "Grievance Procedure"), in pertinent part, provides:

> a. Prior to the filing of a formal written grievance, an inmate shall attempt to resolve his or her grievance informally through discussion with an officer. If this effort fails, the inmate may submit a written grievance. The inmate must file the grievance within five (5) days of the alleged incident. Any grievances unresolved at the time of the inmate's release shall be considered closed.
>
> e. If the inmate disagrees with the response from the Grievance Officer, the inmate shall submit a written appeal to the Jail Administrator or his/her designee within two (2) days. The Jail Administrator or his/her designee may support the original resolution or offer another. The Jail Administrator or his/her designee shall return his or her decision within ten (10) days.
>
> f. If the inmate fails to submit a written notification of disagreement within two (2) days of the receipt, the grievance shall be considered administratively closed.

(Id.)

Under the Grievance Procedure above, if a detainee intends to file a grievance, they are required to use the Kiosk system to electronically submit grievances and must do so within five (5) days of the alleged incident.  (Exhibit A, ¶¶ 5-6.)

Here, plaintiff alleges that on September 12, 2019, while he was a pretrial detainee at the Clayton County Jail ("CCJ"), he was assaulted by Officer Winn after plaintiff allegedly complied with his commands to stand against the wall. (Doc. 1, ¶¶ 9-12.)  Plaintiff alleges that he was also placed in a "Restraint Chair" for four hours, placed in administrative segregation, and received three days of "nutri-loaf."  (Id., ¶ 21.)  CCJ's records reflect, however, that plaintiff did not submit a grievance regarding the alleged use of force, the restraint chair, nutri-loaf or any of the conduct alleged by Officer Winn or Sheriff Hill, which he was required to do under the PLRA and the Grievance Procedure.   From January 1, 2019 through December 31, 2020, plaintiff submitted one grievance at the CCJ:

| Grievance | keefe was supposed put 9$ back on my books because i didnt recieve 10 soups that i ordered can you please put it back on there |
|---|---|

(See Exhibit A, Exhibit 2 attached thereto.)

Because plaintiff did not submit a grievance alleging the wrongdoing he is complaining of in this action, his complaint is subject to dismissal for failure to exhaust administrative remedies under the PLRA.  See, e.g., Jones v. Petty, No. 5:10-CV-293, 2012 U.S. Dist. LEXIS 124849, at *15 (M.D. Ga. Aug. 2, 2012)

(dismissing claims under the PLRA where plaintiff had five days under the jail's grievance procedure to submit a grievance regarding allegations of excessive force and failed to do so).

### III.   CONCLUSION

As shown above, plaintiff's complaint should be dismissed under the PLRA. Plaintiff never submitted a grievance at the CCJ regarding the conduct alleged in this lawsuit. Therefore, his complaint is barred by the PLRA.

**FREEMAN MATHIS & GARY, LLP**

/s/ A. Ali Sabzevari
Jack R. Hancock
Georgia Bar No. 322450
jhancock@fmglaw.com
A. Ali Sabzevari
Georgia Bar No. 941527
asabzevari@fmglaw.com

661 Forest Parkway, Suite E
Forest Park, Georgia 30297
(404) 366-1000 (telephone)
(404) 361-3223 (facsimile)

Attorneys for Defendant

## **CERTIFICATE OF COMPLIANCE**

I hereby certify, pursuant to Local Rule 7.1(D), that the foregoing memorandum of law has been prepared in accordance with Local Rule 5.1(C) (Times New Roman font, 14 point).

This 2nd day of December, 2021.

**FREEMAN MATHIS & GARY, LLP**

*/s/ A. Ali Sabzevari*
A. Ali Sabzevari
Georgia Bar No. 941527
asabzevari@fmglaw.com

661 Forest Parkway, Suite E
Forest Park, Georgia 30297
(404) 366-1000 (telephone)
(404) 361-3223 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to counsel of record:

Wayne B. Kendall
Kimberly Ellison
Wayne B. Kendall, P.C.
155 Bradford Square, Suite B
Fayetteville, GA 30215

This 2nd day of December, 2021.

                                               */s/ A. Ali Sabzevari*
                                               A. Ali Sabzevari
                                               Georgia Bar No. 941527

FREEMAN MATHIS & GARY, LLP
661 Forest Parkway
Suite E
Forest Park, Georgia  30297-2257
(404) 366-1000 (telephone)
(404) 361-3223 (facsimile)