IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JYQWAVOUS WHITAKER,<br><br>        Plaintiff,<br>v.<br><br>SHERIFF VICTOR HILL, in his individual and official capacities, as Sheriff of Clayton County Georgia and RAYMON SHEROD WINN, in his individual capacity, as a Clayton County Officer Sheriff.<br><br>        Defendants. | CIVIL ACTION FILE<br>NO. 1:21-CV-03781-AT-JSA |

## REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant Raymon Sherod Winn ("defendant" or "Officer Winn") files this reply brief in support of his motion to dismiss plaintiff's complaint (Doc. 1).

**I.    ARGUMENT AND CITATION OF AUTHORITY**

**A.    Plaintiff's Complaint Is Subject To Dismissal Under the PLRA Due To His Failure To Exhaust His Administrative Remedies**

As set forth in Officer Winn's memorandum of law in support of his motion to dismiss plaintiff's complaint, plaintiff did <u>not</u> submit a grievance about the September 12, 2019 incident he is complaining of in this action. (Doc. 11-1.)

In response, plaintiff contends that the Grievance Procedure was unavailable to him in 2019 because (1) plaintiff has never been informed of the Grievance

Procedure at CCJ (Doc. 14, pp. 7-8); (2) plaintiff spent thirty-nine days in "the hole" or segregation immediately after the incident and did not have access to a kiosk to submit a grievance (Id., pp. 8, 10); and (3) plaintiff was thwarted from submitting a grievance through "intimidation" and "threat[s]" because he contends that using the Grievance Procedure to complain about mistreatment by jail administrators will make you a "marked man" or a target by other jail detainees and that Winn threatened to tell other detainees that he was a "snitch" (Id., pp. 13-14).  As shown below, the Grievance Procedure was available to plaintiff, and because he failed to properly utilize same prior to filing this lawsuit, his complaint his barred by the PLRA.

   **1.**  **Plaintiff Knew How To File A Grievance Before The Subject Incident**

Plaintiff's sworn statement that he was unaware of the Grievance Procedure is untrue and the Court should question plaintiff's credibility entirely.  Winn submitted evidence showing that plaintiff had the knowledge and ability to submit a grievance under the Grievance Procedure as early as March 9, 2019:

```
Report - Inmates Grievance History Detail

Inmate Name    JYQWAVOUS WHITAKER         Inmate ID        1803038
Created        03/09/2019 2:04:48 pm EST  Request ID       124824
Location       6104T                      Kiosk            H6 - 1L
Assigned To    (all)                      Kiosk ID         7632
Status         New                        Status Entered   (not answered)
Status By      (not answered)             Classification   (no classification assigned)

Grievance      keefe was supposed put 9$ back on my books because i didnt recieve 10 soups that i ordered can
               you please put it back on there

Admin Notes

Notes to Inmate
```

(Doc. 11-2, p. 7.)   Plaintiff's representation that he was unaware of the Grievance Procedure is simply not credible given the record evidence. Plaintiff knew how to and in fact submitted a grievance just six months before the incident.

Plaintiff's "unawareness" argument was presented to a district court in this Circuit and summarily rejected.  See, e.g., Youmans v. St. Lucie Cty. Jail, No. 15-14164-Civ-MARRA, 2018 U.S. Dist. LEXIS 8944, at *55 (S.D. Fla. Jan. 18, 2018).  The plaintiff in Youmans argued, like plaintiff here, that he "was unaware that he had to complain or otherwise grieve the issues." Youmans, 2018 U.S. Dist. LEXIS 8944, at *55.  Like in Youman, this is "refuted by the record evidence." The district court, moreover, was not persuaded by this lack of awareness argument as making the grievance procedure unavailable because there was not a "dead end," an "opaque" administrative scheme, or "thwarting" of the grievance

- 3 -

process.  2018 U.S. Dist. LEXIS 8944, at *20-21 (citing Ross v. Blake, 136 S. Ct. 1850, 1852 (2016)).

There can be no dispute that prior to the incident in question, plaintiff was aware of the Grievance Procedure, how to submit a grievance, and in fact had submitted a grievance.  Under Turner v. Burnside, 541 F.3d 1077, 1082 (11th Cir. 2008), therefore, any factual dispute as to whether plaintiff knew how to utilize the Grievance Procedure should be resolved in defendant's favor.  See, e.g., Bell v. Lamb, No. 6:17-cv-12, 2020 U.S. Dist. LEXIS 62770, at *12 (S.D. Ga. Mar. 6, 2020) ("Plaintiff's shifting and inconsistent narrative weighed against the sworn affidavit of the Emanuel County Jail Administrator, leads the Court to conclude, as a factual matter, that Plaintiff did not file a timely grievance.").

**2.    Plaintiff Had Access To Grievances And Correctional Officers In Segregation**

Plaintiff contends that he spent thirty-nine days in "the hole" or segregation immediately after the incident and did not have access to a kiosk to submit a grievance. (Doc. 14, pp. 8-10.)  While inmates in disciplinary segregation do not have access to a kiosk, they do have access to paper grievances.  (Declaration of Jason Martin attached hereto as Exhibit 1, ¶ 4.)  Plaintiff could have at any point submitted a paper grievance while in segregation, but he failed to do so. Additionally, plaintiff could have informally grieved about the incident "through discussion with an officer" within five days of the subject incident as set forth in

Section 3, a. of the Grievance Procedure, but he didn't do this either. (Doc. 11-2, p. 4.) While plaintiff contends that there was "no grievance officer in [his] pod" (Doc. 13-7, ¶ 31), the Grievance Procedure does not limit verbal discussions to a grievance officer, but rather, plaintiff can attempt to resolve his grievance informally "through discussion with an officer." (Doc. 11-2, p. 4.)

Plaintiff submitted evidence showing that his mother, Carli Whitaker, submitted a "Complaint Form" to the Clayton County Sheriff's Office on September 20, 2019 (Doc. 13-7, pp. 9-13) and that plaintiff prepared a written statement on October 8, 2019 (Doc. 13-7, p. 15) all the while he was in segregation. The "Complaint Form" and written statement do not comply with the Grievance Procedure because they were not submitted on a Grievance Form and were not submitted within five (5) days of the alleged incident. (See Doc. 11-2, p. 4.)

The PLRA requires exhaustion to be "proper." Woodford v. Ngo, 548 U.S. 81 (2006). In order to "properly" exhaust his claims, an inmate must "us[e] all steps" in the administrative process, and he must comply with "deadlines and other critical procedural rules." Id. at 89. Because plaintiff never submitted a written grievance and never attempted to discuss his grievance with an officer ***within five days of September 12, 2019***, plaintiff failed to properly exhaust the administrative remedies at the CCJ which bars his complaint. See, e.g., Mason v. Bridger, 261 F.

App'x 225, 227 (11th Cir. 2008) (finding that grievance submitted six days after incident was untimely under the Georgia Department of Corrections standard operating procedures which required inmates to file a grievance form within five calendar says of the incident giving rise to the complaint).  See also Bryant v. Rich, 530 F.3d 1368, 1378 (11th Cir. 2008)  (explaining that to exhaust administrative remedies under the PLRA, prisoners must "properly take each step within the administrative process."); Johnson v. Meadows, 418 F.3d 1152, 1159 (11th Cir. 2005) (finding that if an inmate fails to complete the administrative process or falls short of compliance with the procedural rules governing prisoner grievances, he defaults his claims).

     Proper exhaustion under the Grievance Procedure at the CCJ is critical, because by not submitting a Grievance Form and initiating the grievance process, plaintiff circumvented obtaining a written response form the Grievance Officer and also unilaterally eliminated the appeals process to the Jail Administrator.  (Doc. 11-2, p. 5, Section 3, e.)  Without having gone through the appropriate channels **and** the appeals process, plaintiff did not properly exhaust his administrative remedies before filing suit. See Mason v. Bridger, 261 F. App'x 225, 229 (11th Cir. 2008) (finding that inmate's failure to appeal denials of grievances was fatal to consideration of his claims on the merits); Moore v. Smith, 18 F. Supp. 2d 1360, 1362 (N.D. Ga. 1998) (holding that inmate must pursue all of his administrative

appeals in order to comply with the PLRA's administrative exhaustion requirement).

### 3. Plaintiff's Allegations Of Intimidation And Threats Are Insufficient To Excuse The Exhaustion Requirement At The CCJ

#### a. *Plaintiff's assertions do not rise to the level of a threat that would deter a reasonable inmate from using the Grievance Procedure*

An inmate's general fear that he might suffer retaliation is not enough to deem the grievance procedure unavailable for purposes of avoiding a PLRA dismissal. See Poole v. Rich, No. CV606-68, 2007 WL 2238831, at *3 (S.D. Ga. Aug. 1, 2007) aff'd, 312 F. App'x 165 (11th Cir. 2008) ("[T]he exhaustion requirement is not excused merely because a plaintiff alleges that he was threatened with being beaten if he complained"); see also Garcia v. Glover, 197 F. App'x 866, 867-68 (11th Cir. 2006) (affirming dismissal of complaint based on failure to exhaust when the plaintiff alleged that officers "'most likely' would have 'killed' him or 'shipped' him out" if they learned the plaintiff had filed a complaint).

In order to successfully excuse a failure to exhaust "more than mere threats are normally required. Generally to excuse exhaustion an inmate must allege both threats of retaliation as well as the use of physical force in response to the filing of grievances." Porter v. Baxter, No. 5:10-CV-206-RS-GRJ, 2012 WL 684803, at *4 (N.D. Fla. Jan. 30, 2012) report and recommendation adopted, No. 5:10-CV-

206/RS-GRJ, 2012 WL 760628 (N.D. Fla. Mar. 8, 2012); see also Kaba v. Stepp, 458 F.3d 678, 684–86 (7th Cir. 2006) (finding that exhaustion could be excused where prisoner was threatened with beating for filing grievances and threat was carried out); Hemphill v. New York, 380 F.3d 680, 689 (2d Cir. 2004) (noting that if inmate was assaulted and threatened to keep him from complaining, exhaustion should be excused); Redding v. Mamoran, No. 4:14CV49-RH/GRJ, 2014 WL 4693100, at *2 (N.D. Fla. Sept. 20, 2014) ("An inmate must generally allege both threats of retaliation as well as the use of physical force in response to filing of grievances.").

Here, plaintiff's bald assertions that using the Grievance Procedure to complain about mistreatment by jail administrators will make you a "marked man" or a target by other jail detainees and that Winn threatened to tell other detainees that he was a "snitch" do not rise to the level of a threat that would deter a reasonable inmate from using the Grievance Procedure. Plaintiff also does not claim that any statement made by Winn or anyone at the CCJ were made to intimidate him from filing a grievance against Winn or Sheriff Hill as to the claims he is making in this case. More importantly, plaintiff does not claim that Winn used any physical force or even threats of such force. The "intimidation" vaguely alleged by plaintiff is categorically insufficient to excuse plaintiff's failure to exhaust his administrative remedies.

> **b.    *Plaintiff was undeterred from submitting grievances before and after the subject incident, and no threats prevented him from submitting a complaint form and written statement about the subject incident***

Finally, the fact that plaintiff submitted grievances before and after the subject incident, and that both he *and* his mother submitted written statements specifically complaining about Winn and the subject incident, undercut plaintiff's contention that he feared complaining about correctional officers. In Halpin v. Crist, 405 F. App'x 403, 407 (11th Cir. 2010), the Eleventh Circuit instructed that an inmate's argument that he could not file grievances for fear of retaliation can be "undermined by the record of multiple unrelated grievances he filed, both before and after the alleged incident giving rise to the fear of reprisal." Aikens v. Jones, No. 12 CIV. 1023 PGG, 2015 WL 1262158, at *7 (S.D.N.Y. Mar. 19, 2015) (finding that plaintiff's claims that administrative remedies were unavailable to him because he was threatened and harassed were belied by the undisputed fact that the day after plaintiff had been threatened, he filed a grievance); Valentine v. Lindsay, No. 10-CV-868 JG JMA, 2011 WL 3648261, at *7 (E.D.N.Y. Aug. 17, 2011) (finding that allegations that plaintiff was dissuaded from pursuing the administrative grievance system was belied by the fact that he successfully pursued the first three tiers of the four-tier Administrative Remedy Program after the alleged threats).

Here, plaintiff filed grievances <u>before</u> and <u>after</u> the subject incident in 2019. (<u>See</u> Doc. 11-2; Jyqwavous Whitaker Grievances attached hereto as <u>Exhibit 2</u>.) Plaintiff continuously utilized the Grievance Procedure <u>after</u> September 2019 to complain about a multitude of issues.  (<u>Exhibit 2</u>.)

> May 19, 2021: Plaintiff grieved about using the kiosk.
>
> June 2, 2021: Plaintiff grieved about commissary and sergeants and lieutenants allegedly doing nothing to assist him.
>
> June 29, 2021: Plaintiff grieved about not receiving hot meals.

(<u>Id.</u>) This directly contradicts plaintiff's contention that he was intimidated from doing so.  <u>See</u> <u>Rodriguez v. McNeal</u>, No. 308CV391/MCR/AK, 2009 WL 1563462, at *2 (N.D. Fla. May 28, 2009) ("Plaintiff has attached numerous grievances to his first and second amended complaints, which are unrelated to the retaliation claims, but which were filed after the alleged threats occurred and prove at least that he was not afraid to use the grievance process even after these threats.").

Moreover, with plaintiff's assistance, his mother submitted a Complaint Form to the Clayton County Sheriff's Office following the subject incident and plaintiff submitted a written statement complaining of Officer Winn's conduct. This evidence also undercuts plaintiff's contention that he feared complaining about correctional officers.  <u>Cf.</u> <u>Burgest v. United States</u>, No. 06-60178-CIV-

COHNWHI, 2008 WL 659840, at *2 (S.D. Fla. Mar. 11, 2008) aff'd, 316 F. App'x 955 (11th Cir. 2009) (finding that "allegations of intimidation and coercion by prison officials are flatly contradicted by the evidence showing that he submitted two subsequent grievances"). In sum, the record evidence directly refutes plaintiff's claim that he was intimidated from exhausting his administrative remedies.

## II.   CONCLUSION

As shown above, plaintiff's complaint should be dismissed under the PLRA. Plaintiff **never** submitted a grievance at the CCJ regarding the conduct alleged in this lawsuit and never utilized the appeals process. Therefore, his complaint is barred by the PLRA.

        **FREEMAN MATHIS & GARY, LLP**

        */s/ A. Ali Sabzevari*
        Jack R. Hancock
        Georgia Bar No. 322450
        jhancock@fmglaw.com
        A. Ali Sabzevari
        Georgia Bar No. 941527
        asabzevari@fmglaw.com

661 Forest Parkway, Suite E
Forest Park, Georgia 30297
(404) 366-1000 (telephone)
(404) 361-3223 (facsimile)

        Attorneys for Defendants

## **CERTIFICATE OF COMPLIANCE**

I hereby certify, pursuant to Local Rule 7.1(D), that the foregoing memorandum of law has been prepared in accordance with Local Rule 5.1(C) (Times New Roman font, 14 point).

This 5th day of January, 2021.

                                              **FREEMAN MATHIS & GARY, LLP**

                                              */s/ A. Ali Sabzevari*
                                              A. Ali Sabzevari
                                              Georgia Bar No. 941527
                                              asabzevari@fmglaw.com

661 Forest Parkway, Suite E
Forest Park, Georgia 30297
(404) 366-1000 (telephone)
(404) 361-3223 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing **REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to counsel of record:

Wayne B. Kendall
Kimberly Ellison
Wayne B. Kendall, P.C.
155 Bradford Square, Suite B
Fayetteville, GA 30215

This 5th day of January, 2021.

/s/ *A. Ali Sabzevari*
A. Ali Sabzevari
Georgia Bar No. 941527

FREEMAN MATHIS & GARY, LLP
661 Forest Parkway
Suite E
Forest Park, Georgia  30297-2257
(404) 366-1000 (telephone)
(404) 361-3223 (facsimile)