IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISON

| | |
|---|---|
| JYQWAVOUS WHITAKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CIVIL ACTION NO. |
| SHERIFF VICTOR HILL, in his individual ) | |
| And official capacities, as Sheriff of Clayton ) | |
| County Georgia and RAYMON SHEROD ) | 1:21-cv-03781-AT-JSA |
| WINN, in his individual capacity, as a Clayton ) | |
| County Deputy Sheriff ) | |
| ) | |
| Defendants. ) | |

### PLAINTIFF'S MOTION TO STRIKE THE DECLARATION OF JASON MARTIN ATTACHED TO THE REPY OF DEFENDANT WINN

**COMES NOW** Plaintiff JYQWAVIOUS WHITAKER, (hereinafter referred to as "the Plaintiff"), by and through his counsel of record and files this his MOTION TO STRIKE THE DECLARATION OF JASON MARTIN ATTACHED TO THE REPLY OF DEFENDANT WINN. Plaintiff states as follows:

### I. PROCEDURAL BACKGROUND

The Plaintiff filed this action on September 13, 2021, alleging violations of his constitutional and federal civil rights as effectuated through 42 USC § 1983, as well as assertions that the Defendants committed state law violations. The initial complaint alleged that Plaintiff suffered a physical beating at the hands of

Defendant Raymon Sherod Winn (hereinafter referred to as "Defendant Winn"), while being housed at the Clayton County jail as a pre-trial detainee. Defendant Winn answered the Complaint on November 11, 2021 [Doc. 6] and subsequently filed an Amended Answer on December 2, 2021 [Doc. 10]. Defendant Winn's Amended Answer raises the affirmative defense that the Plaintiff has not exhausted his available administrative remedies under the Prisoner Litigation Reform Act of 1995 (PLRA), 42 U.S.C. § 1997e(a).[1]

Also on December 2, 2021, Defendant Winn filed a Motion to Dismiss the Complaint [Doc. 11]. Plaintiff filed a Response to the Motion to Dismiss the Complaint on December 23, 2021,[2] and Defendant Winn filed a Reply on January 5, 2022. Attached to Defendant Winn's Reply is the declaration of Jason Martin, who declares that he is the Major over Jail Administration at the Clayton County Sheriff's Office. (Martin Decl. at ¶ 2). Defendant Winn's Reply to the Plaintiff's Response to his Motion to Dismiss the Complaint is based on the Declaration of Jason Martin.

## II.  ARGUMENT AND CITATION TO AUTHORITY

Fed. R. Civ. P. 6(c)(2), entitled "Supporting Affidavit", provides that any

---

[1] Defendant Winn's Fourth Affirmative Defense.

[2] The parties participated in a telephone conference call with Magistrate Judge Anand on December 15, 2021, wherein Judge Anand granted the Plaintiff's request for a one-week extension of time in which to file a response to Defendant Winn's Motion to Dismiss, until December 23, 2021.  Although Judge Anand represented that a minute order would be entered, as of this date no minute order confirming this ruling has been entered.

affidavit supporting a motion must be served with the motion. Likewise, local rule 7.1(A)(1) provides the same. Because Jason Mason's declaration was not served with Defendant Winn's Motion to Dismiss the Plaintiff's Complaint it must be stricken.

The purpose of Fed. R. Civ. P. 6(c)(2) is to ensure that the party opposing a motion be given sufficient time to respond to affidavits filed by the moving party, thereby avoiding trial by ambush and undue delay in the case. *Tishcon Corp. v. Soundview Communications*, No. 1:04-CV-524-JEC, 2005 WL 6038743, at *8 (N.D. Ga. Feb. 15, 2006). Similarly, the Local Rules for this Court provide that "[e]very motion presented to the clerk for filing shall be accompanied by a memorandum of law which cites supporting authority. If allegations of fact are relied upon, supporting affidavits must be attached to the memorandum of law." LR 7.1A(1), NDGa.

Thus, as a general rule, affidavits must be filed and served with the motion and courts refuse to consider affidavits supportive of facts referenced in an opening brief.[3] *Exceptional Mktg. Grp. v. Jones*, 749 F. Supp. 2d 1352, 1359-60, 1365 (N.D. Ga. 2010) (C.J. Thrash) (granting plaintiff's motion to strike affidavits filed with defendant's reply brief because they merely embellished facts presented in defendant's opening brief in support of motion to dismiss); Moore's Federal

---

[3]   See also, *Snadon v. Sew-Eurodrive Inc.,* 421 F.Supp.3d 1360 (N.D. Ga. 2019) (untimely affidavit disregarded).

Practice ¶ 60.8 (3d ed. 2015) ("If the reply affidavits are considered to support the original motion rather than dealing with issues raised by the opposition, they should not be admissible. Rule 6(c)(2) requires that the supporting affidavits be filed with the initial motion, and a party should not be able to evade that requirement by submitting additional affidavits supporting the original motion in conjunction with a reply. The courts generally allow reply affidavits to be filed only when the affidavits support the reply rather than the original motion.").

Affidavits filed with a reply brief are considered only for the "limited purpose of responding to matters raised in the responses filed by the opposing parties." *Exceptional Mktg. Grp.*, 749 F. Supp. at 1360; *Tishcon*, 2005 WL 6038743, at *9 (striking declarations which were filed on reply but actually supported original motion because defendants would have no opportunity to respond to pivotal evidence and utilizing the movant's procedures would greatly extend the time required to complete briefing of a motion and properly evaluate the motion). *Carlisle v. Nat'l Commercial Servs., Inc.* (N.D. Ga. 2015).

The initial Motion to Dismiss the Plaintiff's Complaint and brief in support only attached the Declaration of Sgt. Kali Huitt. Sgt. Huitt's declaration did not address the factual issue of whether a pretrial detainee confined to administrative segregation had available to him the opportunity to file a written paper grievance. (See Sgt. Huitt's declaration at [Doc. 11-2]). Consequently, the Plaintiff did not

4

address the allegation, nor have the opportunity to address the allegation, because the only factual issue raised in the initial motion to dismiss was that the Plaintiff had not availed himself of the opportunity to file a grievance through the electronic kiosk portal used by the jail for that purpose, which was the only method alleged by the Defendant's Motion to Dismiss as the means by which Plaintiff could avail himself of the opportunity to file an administrative grievance.

In *Tishcon*, the court refused to consider the plaintiff's reply declarations. *Tishcon*, 2005 WL 6038743, at *8. The court reasoned that the declarations "[were] not limited to addressing an argument initiated by defendants in their responses." *Id.* Rather, the "plaintiff offer[ed] the declarations ... as a substitution for declarations" filed in support of the plaintiff's motion for summary judgment.[4] *Id.* Likewise, in the present case, Defendant Winn has offered the declaration of Jason Martin, as a substitution for the declaration of Sgt. Kali Huitt. See, *Exceptional Mktg. Group Inc. v. Jones*, *supra*. "If the declarations filed with the Motion to Dismiss were insufficient, the Defendants may not later file reply declarations as a supplement or substitute." *Id.*

---

4   In *Tischon*, the court stated:

"… here the declarations submitted by plaintiff with its replies are not limited to addressing an argument initiated by defendants in their responses. Instead, they are offered and intended to replace inadequate evidentiary submissions offered in support of the plaintiff's two motions for partial summary judgment. Stated differently, plaintiff offers the declarations attached to its replies as a substitution for declaration of [name of witness] that the defendants have in large part successfully challenged." *Tischon*, Order at p. 20.

Whereas Kali Huitt describes the current administrative grievance procedure as requiring a detainee to submit his grievance to an electronic kiosk, (Kali Huitt declaration at ¶¶ 5 and 6), the substitute declaration of Jason Martin, provides that Plaintiff could have alternatively filed a written paper grievance while in administrative segregation. The declaration of Kali Huitt never described the availability of filing a written paper grievance on the part of a detainee held in administrative segregation as an option for the Plaintiff. "Justice is not served by allowing a moving party to unfairly surprise and prejudice the non-movant by producing evidence of new, substantive facts at the last minute when there is no opportunity for the non-movant to respond. This is precisely the kind of trial by ambush that the federal rules summarily reject." *Tischon,* Order at p. 20.

In addition to being untimely and improperly submitted in violation of Fed. R. Civ. P. 6(c)(2) and LR 7.1A(1), the Jason Martin declaration is insufficient to establish that an administrative grievance procedure was available to the Plaintiff because it fails to sufficiently provide any facts to establish how a paper grievance procedure was available to the Plaintiff. Simply stating in a conclusory fashion that the Plaintiff had available to him the opportunity to file a paper grievance without providing any particular and specific details as to the how, when, and where such an opportunity was available fails to sufficiently evidence such a fact.[5]

---

[5] *Ellis v. City of Fairburn*, 852 F.Supp. 1568 (N.D. Ga. 1994) ("Nothing is proved by a conclusory declaration.")

No reasonable inference can be drawn as proof of the fact simply because Jason Martin states it in a declaration. Beyond the conclusion reached, the declaration provides no factual basis for reaching the conclusion.

This is particularly fatal given that the burden to establish Defendant Winn's affirmative defense is on him. He must prove that an administrative grievance procedure was available to the Plaintiff. See *Jones v. Bock*, 549 U.S. 199, 216, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007); *Whatley v. Smith*, 898 F.3d 1072 (11th Cir. 2018). Jason Martin's declaration [Doc. 16-2] is merely an improper substitute for the Kali Huitt declaration [Doc. 11-2]. Neither Sgt. Huitt's declaration nor the declaration of Jason Martin are sufficient to carry Defendant Winn's burden of proof that the Plaintiff could avail himself of the grievance procedure while confined for 39 days in administrative segregation.

Exhibit 1 of Defendant Winn's Reply Brief [Doc. 16-1] is a kiosk grievance history detail for the Plaintiff. It fails to refute or to contradict the Plaintiff's claim that while in administrative segregation for 39 days he did not have access to the jail's administrative grievance procedure.[6] Exhibit 1 shows that in May and June of the year 2021, almost 2 years after Plaintiff was released from administrative segregation, he filed three administrative grievances. Therefore, the documentary

---

[6] In fact, Jason Martin's declaration confirms that the Plaintiff did not have access to the electronic kiosk system as described in the declaration of Kali Huitt. (Martin Decl. at ¶ 4). It factually refutes Kali Huitt's declaration and confirms the Plaintiff's declaration that he had no access to the electronic kiosk system while in administrative segregation.

evidence submitted with Martin's declaration is insufficient to establish that the Plaintiff had an available means of filing an administrative grievance within the five days following the incident complained of in the instant Complaint, which occurred on September 12, 2019.

### III.  CONCLUSION

Jason Martin's belatedly filed declaration should be stricken for the singular reason that it is untimely filed according to the requirements of Fed. R. Civ. P. 6(c)(2) and LR 7.1A(1). Further, it is an improper substitution for the declaration of Sgt. Kali Huitt which was filed with Defendant Winn's initial motion to dismiss. Thirdly, it insufficiently states a factual basis to prove what it purports to provide evidence of, i.e., that the Plaintiff had available to him the opportunity to file a paper grievance while in administrative segregation.

This 8th  day of January 2022.

Respectfully submitted,
**WAYNE B. KENDALL, P.C.**

/s/ Wayne B. Kendall
Wayne B. Kendall
GA Bar No. 414076

155 Bradford Square; Suite B /s/ Kimberly A. Ellison
Fayetteville, Georgia 30215   Kimberly A. Ellison, Esq.
Telephone: (770) 778-8810    GA Bar No. 141716
Facsimile: (770) 716-2439

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing document with the Clerk of Court using the CM/ECF system which will automatically send a service copy via email to be opposing counsel(s) listed below.

> A. Ali Sabzevari
> Jack R. Hancock
> Freeman Mathis & Gary, LLP
> 661 Forest Parkway; Suite E
> Forest Park, Georgia 30297
>
> Victor Hill
> 335 Bear Creek Trail
> Hampton, Georgia 30228

Respectfully submitted, this 8th day of January 2022.

**WAYNE B. KENDALL, P.C.**

/s/ Wayne B. Kendall
Wayne B. Kendall
GA Bar No. 414076

/s/ *Kimberly A. Ellison*
KIMBERLY A. ELLISON
Georgia Bar No. 141716
kimberly@waynebkendallpc.com
Georgia Bar No. 414076

155 Bradford Square; Suite B
Fayetteville, Georgia 30215
Telephone: (770) 778-8810
Facsimile: (770) 716-2439