IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JYQWAVOUS WHITAKER,

    Plaintiff,

v.

SHERIFF VICTOR HILL, in his
individual and official capacities, as
Sheriff of Clayton County Georgia and
RAYMON SHEROD WINN, in his
individual capacity, as a Clayton County
Officer Sheriff.

    Defendants.

CIVIL ACTION FILE
NO. 1:21-CV-03781-AT-JSA

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE THE DECLARATION OF JASON MARTIN

Defendant Raymon Sherod Winn ("defendant" or "Officer Winn") files this response in opposition to plaintiff's Motion to Strike the Declaration of Jason Martin (Doc. 17).

## I.   INTRODUCTION

As set forth in Officer Winn's memorandum of law in support of his motion to dismiss plaintiff's complaint, plaintiff never submitted a grievance about the September 12, 2019 incident he is complaining of in this action, and therefore, his complaint is barred by the PLRA because he never exhausted his administrative remedies prior to filing suit. (Doc. 11-1.)  Indeed, in plaintiff's complaint filed on

September 13, 2021, he never alleged that he exhausted the administrative remedies at the Clayton County Jail ("CCJ") or that the grievance procedure was unavailable to him.  (Doc. 1.) Only after Officer Winn filed his motion to dismiss on December 2, 2021, did plaintiff begin lodging his excuses for his failure to adhere to the PLRA.  Plaintiff first amended his complaint to allege that "an administrative remedy" was unavailable to him.  (Doc. 23, ¶ 24.)  Plaintiff then filed a response in opposition to Officer Winn's motion to dismiss wherein he contended that the administrative remedy was unavailable to him, in part, because he was in segregation for thirty-nine days where he did not have access to a kiosk to submit an electronic grievance and that there was no grievance officer in his pod.  (Doc. 14, pp. 8-10; Doc. 13-7, ¶ 31)  These assertions were never made by plaintiff prior to Officer Winn filing his motion to dismiss on December 2, 2021, and therefore, could not have been addressed by Officer Winn in his initial motion. (See Doc. 1.)

To address plaintiff's newly asserted contentions, Officer Winn properly submitted a reply brief along with the Declaration of Major Jason Martin ("Major Martin") as an attachment.  (Doc. 16; Doc. 16-2.)  Major Martin agrees with plaintiff that inmates in disciplinary segregation do not have access to a kiosk; however, Major Martin attests they have access to paper grievances, which is another type of grievance identified in the Grievance Procedure attached to Officer

Winn's initial motion.   (Doc. 16-2, ¶ 4.) (see Doc. 11-2, p. 4) (addressing "Grievance Form" and "formal written grievance").   Additionally, in response to plaintiff's contention that there was "no grievance officer in [his] pod" (Doc. 13-7, ¶ 31), Major Martin attests that there are "correctional officers assigned to disciplinary segregation at all times." (Doc. 16-2, ¶ 5.)  As highlighted in Officer Winn's reply, the Grievance Procedure does not limit verbal discussions to a grievance officer, but rather, plaintiff can attempt to resolve his grievance informally "through discussion with an officer."  (Doc. 16, pp. 4-6; Doc. 11-2, p. 4.)  Because plaintiff never submitted a written grievance and never attempted to discuss his grievance with an officer within five days of September 12, 2019, plaintiff failed to properly exhaust the administrative remedies at the CCJ and his complaint is therefore barred by the PLRA.

On the verge of dismissal, plaintiff now files a motion to strike the declaration of Major Martin.  (Doc. 17.)  As shown below, plaintiff's motion to strike the declaration should be denied for *three* reasons.  ***First***, plaintiff's motion to strike is procedurally improper because Major Martin's declaration is not a pleading.  ***Second***, Major Martin's declaration does not contain "redundant, immaterial, impertinent, or scandalous matter."   ***Finally***, Major Martin's declaration does not submit new arguments, but elaborates on Officer Winn's arguments for dismissal under the PLRA in the opening brief and narrowly

addresses plaintiff's newly asserted contentions in his response and amended complaint.  For these reasons, as discussed more fully below, plaintiff's motion to strike should be denied.

## II.   ARGUMENT AND CITATION OF AUTHORITY

### A.   Motion to Strike Standard

"Motions to strike are generally viewed with disfavor" and—more to the point— "are 'often considered time wasters.'" TracFone Wireless, Inc. v. Zip Wireless Prod., Inc., 716 F. Supp. 2d 1275, 1290 (N.D. Ga. 2010) (quoting Tingley Sys. Inc. v. Bay State HMO Mgmt. Inc., 833 F. Supp. 882, 884 (M.D. Fla. 1993)). A motion to strike is appropriate only with respect to "a pleading," Fed. R. Civ. P. 12(f), meaning a "complaint," an "answer," or a court-ordered "reply to an answer," Fed. R. Civ. P. 7(a) (defining "pleadings"). "Put another way, '[m]otions, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike.'" South River Watershed Alliance, Inc. v. DeKalb Cty., 484 F. Supp. 3d 1353, 1362 (N.D. Ga. 2020) (quoting Nelson v. Jackson, No. 1:14-CV-2851, 2016 WL 9454429, at *1 (N.D. Ga. May 18, 2016)).  In addition, a motion to strike is not an all-purpose means of registering disagreement, but a "drastic remedy to be resorted to only when required for the purposes of justice." TracFone, 716 F. Supp. 2d at 1290 (quoting Stephens v. Trust for Pub. Land, 479 F. Supp. 2d 1341, 1346 (N.D. Ga. 2007).  It "should be granted *only* when the pleading to be stricken

has *no possible relation* to the controversy." Id. (quoting Stephens, 479 F. Supp. 2d at 1346) (emphasis added).

**B.**     **Plaintiff's Motion to Strike Is Not Permitted Because Major Martin's Declaration Is Not A "Pleading"**

Under Rule 12(f) of the Federal Rules of Civil Procedure, courts should "only 'strike' pleadings as defined by Fed. R. Civ. P. 7(a)—i.e. complaints or answers." Maddox v. CBE Group, Inc., No. 1:17-CV-1909, 2018 WL 2327037, at *1 n.1 (N.D. Ga. May 22, 2018).[1]  Thus, "motions, affidavits, briefs, and other documents outside of the pleadings are not subject to Rule 12(f)."  5C Charles Alan Wright et al., Federal Practice and Procedure § 1380 (3d ed. 2021).  There is "no basis in the Federal Rules of Civil Procedure for striking non-pleadings or portions thereof." Mintz v. Ingles Markets, Inc., No. 1:13-CV-2140, 2013 WL 12067463, at *6 n.5 (N.D. Ga. Dec. 10, 2013); cf. South River Watershed Alliance, Inc. v. DeKalb Cty., 484 F. Supp. 3d 1353, 1362 (N.D. Ga. 2020) ("Since Rule 12(f) only contemplates the striking of a pleading, this court routinely finds that a motion

---

[1] See also, e.g., Cox v. Clayton Cty. Sch. Dist., 1:17-CV-159, 2018 WL 11149780, at *1 n.1 (N.D. Ga. May 14, 2018) (same); Downey v. Midland Funding, LLC, No. 1:17-CV-632, 2018 WL 1230584, at *4 n.6 (N.D. Ga. Feb. 20, 2018) (same); Rau v. Schwizer, 1:10-CV-2678, 2015 WL 12868075, at *12 n.4 (N.D. Ga. Dec. 22, 2015) (same); Perez v. DSI Contracting, Inc., No. 1:14-CV-282, 2015 WL 12618779, at *7 n.4 (N.D. Ga. Jul. 24, 2015) (same); Williams v. Hudson, No. 1:11-CV-3542, 2013 WL 11927707, at *4 (N.D. Ga. Aug. 12, 2013) (same); Auto-Owners Ins. Co. v. Minor, No. 1:10-CV-3019, 2012 WL 13005360, at *4 (N.D. Ga. Feb. 10, 2012) (same).

to strike 'is not the appropriate vehicle for challenging the consideration of evidence.'" (quoting <u>Green v. ADCO Int'l Plastics Corp.</u>, No. 1:17-CV-337, 2017 WL 8810690, at *5 (N.D. Ga. Dec. 27, 2017))).

Here, Major Martin's declaration is not a complaint or answer to a complaint. Accordingly, it is not a "pleading" under Rule 12(f), and the Court should deny the motion to strike.

**C.   <u>Major Martin's Declaration Is Relevant And Does Not Prejudice Plaintiff</u>**

Next, plaintiff's motion to strike should be denied because Major Martin's declaration does not contain "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are "a drastic remedy" appropriate only "when required for the purposes of justice." <u>South River Watershed Alliance, Inc. v. DeKalb Cty.</u>, 484 F. Supp. 3d 1353, 1361 (N.D. Ga. 2020) (quoting <u>TracFone Wireless, Inc. v. Zip Wireless Prod., Inc.</u>, 716 F. Supp. 2d 1275, 1290 (N.D. Ga. 2010)). To meet that high standard, the movant must show that the challenged portions of a pleading have "no possible relation to the controversy." <u>Murphy v. Farmer</u>, 176 F. Supp. 3d 1325, 1359 (N.D. Ga. 2016).

Here, Major Martin's declaration, on its face, is both relevant and material to this case and the PLRA grounds for dismissal. (Doc. 16-2.) Moreover, the declaration is submitted to address contentions made by plaintiff that were never raised before Officer Winn filed his motion to dismiss. The "purposes of justice"

would not be served by striking Major Martin's declaration in the context of the pending PLRA motion and plaintiff's belated excuses for his failure to comply with the PLRA.  Cf. South River Watershed Alliance, 484 F. Supp. 3d at 1361. Therefore, plaintiff's motion to strike should be denied.

**D.   The Declaration Addresses Contentions Made By Plaintiff In His Amended Complaint And Response Brief And Elaborates Arguments Raised By Officer Winn In His Initial Brief**

Finally, Major Martin's declaration was properly submitted in conjunction with Officer Winn's reply brief.  The declaration elaborates Officer Winn's argument for dismissal under the PLRA, which is detailed in his opening brief, and plaintiff's newly asserted contentions in his response and amended complaint. District courts have routinely considered declarations when they reply to arguments raised in a plaintiff's response to a motion.  By way of example, in Roberts v. Fulton Cty. Ry., LLC, No. 1:07-CV-2416-TWT, 2008 U.S. Dist. LEXIS 98047, at *16 (N.D. Ga. Dec. 2, 2008), Judge Thomas W. Thrash Jr.  denied a plaintiff's motion to strike a second declaration filed by a defendant in support a motion for summary judgment, finding that there was "nothing that prohibits the Defendant from filing a second declaration, especially when the declaration only replies to arguments raised by the Plaintiff's Response."

Here, after Officer Winn filed his motion to dismiss on December 2, 2021 asserting grounds for dismissal under the PLRA based on plaintiff's failure to

submit a grievance, plaintiff amended his complaint to allege, for the first time, that "an administrative remedy" was unavailable to him. (Doc. 23, ¶ 24.) Plaintiff also filed his response brief at that time asserting that he did not have access to a kiosk in segregation to submit an electronic grievance and that there was no grievance officer in his pod while he was in segregation. (Doc. 14, pp. 8-10; Doc. 13-7, ¶ 31.) Plaintiff never made these contentions prior to Officer Winn's motion to dismiss.

Officer Winn timely submitted his reply brief in support of his motion to dismiss and attached thereto the declaration of Major Martin. In Major Martin's declaration, he agrees with plaintiff that inmates in disciplinary segregation do not have access to a kiosk; however, Major Martin attests they have access to paper grievances. (Doc. 16-2, ¶ 4.) The declaration elaborates on the written grievances and Grievance Form that were already addressed in the Grievance Procedure attached to Officer Winn's initial motion. (See Doc. 11-2, p. 4) (addressing "Grievance Form" and "formal written grievance"). Additionally, in response to plaintiff's contention that there was "no grievance officer in [his] pod" (Doc. 13-7, ¶ 31), Major Martin attests that there are "correctional officers assigned to disciplinary segregation at all times" (Doc. 16-2, ¶ 5), which provides additional context to the Grievance Procedure (again already in the record) that provides that inmates are to attempt to resolve any grievance informally "through

discussion with an officer." (Doc. 16, pp. 4-6; Doc. 11-2, p. 4.) There is no mention of any requirement in the Grievance Procedure that this informal discussion be directed to someone designated as a "grievance officer," as plaintiff erroneously contends.

In sum, plaintiff's motion to strike should be denied, and Major Martin's declaration considered. The declaration does not set forth new facts or arguments raised for the first time. Rather, the declaration: (1) elaborates Officer Winn's position that plaintiff did not comply with the Grievance Procedure and did not submit a grievance, all of which were detailed in his opening brief, and (2) narrowly replies to arguments raised by plaintiff in his response. Therefore, plaintiff's motion to strike should be denied. See, e.g., Wilson v. Groblewski, 2021 DNH 184 n.18 (U.S. Dist. Ct., NDNH, Dec. 3, 2021) ("The court properly considers Susca's declaration because it does not set forth new facts or arguments. Rather, the defendants reasonably use the declaration as a vehicle to elaborate on their position, which was detailed in their opening brief, that NHSP staff responded to Wilson's Level I Grievance, and Wilson did not appeal this response."); Lightsey v. Potter, 268 Fed. App'x 849, 852 (11th Cir. 2008) (holding that district court did not err in considering a declaration attached to defendant's reply to motion for summary judgment where other party never requested leave to file

surreply or a supplemental appendix in response to new declaration). <u>See</u> <u>also</u> <u>Roberts</u>, 2008 U.S. Dist. LEXIS 98047, at *16.

### III.   <u>CONCLUSION</u>

Plaintiff's motion to strike the declaration of Major Martin should be denied because it is meritless.  It is undisputed that plaintiff **<u>never</u>** submitted a grievance at the CCJ regarding the conduct alleged in this lawsuit and never utilized the appeals process.  As shown in the briefing on defendant's motion to dismiss, plaintiff's complaint should be dismissed under the PLRA.

**FREEMAN MATHIS & GARY, LLP**

*/s/ A. Ali Sabzevari*
Jack R. Hancock
Georgia Bar No. 322450
jhancock@fmglaw.com
A. Ali Sabzevari
Georgia Bar No. 941527
asabzevari@fmglaw.com

661 Forest Parkway, Suite E
Forest Park, Georgia 30297
(404) 366-1000 (telephone)
(404) 361-3223 (facsimile)

Attorneys for Defendants

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify, pursuant to Local Rule 7.1(D), that the foregoing memorandum of law has been prepared in accordance with Local Rule 5.1(C) (Times New Roman font, 14 point).

This 24th day of January, 2022.

**FREEMAN MATHIS & GARY, LLP**

*/s/ A. Ali Sabzevari*
A. Ali Sabzevari
Georgia Bar No. 941527
asabzevari@fmglaw.com

661 Forest Parkway, Suite E
Forest Park, Georgia 30297
(404) 366-1000 (telephone)
(404) 361-3223 (facsimile)

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served the foregoing **DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE THE DECLARATION OF JASON MARTIN** to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to counsel of record:

Wayne B. Kendall
Kimberly Ellison
Wayne B. Kendall, P.C.
155 Bradford Square, Suite B
Fayetteville, GA 30215

This 24th day of January, 2022.

/s/ A. Ali Sabzevari
A. Ali Sabzevari
Georgia Bar No. 941527

FREEMAN MATHIS & GARY, LLP
661 Forest Parkway
Suite E
Forest Park, Georgia  30297-2257
(404) 366-1000 (telephone)
(404) 361-3223 (facsimile)